Filed 1/13/25  P. v. Outley CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LEE OUTLEY,<br><br>    Defendant and Appellant. | H051173<br>(Santa Clara County<br>Super. Ct. No. 146545) |

Defendant Christopher Lee Outley appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  For the reasons stated below, we affirm the order.

## I. PROCEDURAL BACKGROUND[2]

On March 18, 1992, a jury convicted Outley of first degree murder (§ 187; count 1) and conspiracy to commit a crime (former § 182.1; count 2.)  The jury also found true a special circumstance as to count one that Outley intentionally killed the victim while lying in wait (§ 190.2, subd. (a)(15)), as well as an enhancement that in the commission of both offenses, Outley personally used a firearm (§§ 12022.5, subd. (a); 1203.06.)  The trial court sentenced Outley to a life sentence in prison without the possibility of parole, plus a two-year term for the firearm enhancements.  In 1994, a different panel of this

---

[1] Undesignated statutory references are to the Penal Code.

[2] Because the facts of the underlying matter are not relevant to the issues raised on appeal, we do not recount them here.

court affirmed Outley's convictions on appeal. (*People v. Outley, et al.* (May 11, 1994, H009816) [nonpub. opn.] ) )

On August 9, 2022, Outley filed a petition for resentencing pursuant to section 1172.6.[3] On June 21, 2023, the trial court denied Outley's petition at the prima facie stage without issuing an order to show cause. In a written order, the trial court held that Outley was ineligible for relief under section 1172.6 as a matter of law because the jury found true the lying-in-wait special circumstance as to count one, which necessarily required a finding by the jury that Outley acted with intent to kill. The trial court further noted that Outley's conviction for conspiracy to commit a crime, namely, first degree murder, in count two also required the jury to find that Outley had the specific intent to kill. Finally, the court found that because Outley was found by the jury to have personally used a firearm during the commission of the murder and was the sole shooter, he was the actual killer, thus making him ineligible for relief under section 1172.6 as a matter of law.

On June 21, 2023, Outley filed a timely notice of appeal. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which states the case and the facts but raises no specific issues, and requested that the court conduct an independent review of the record on appeal. This court treated the brief as filed under *Delgadillo, supra,* 14 Cal.5th 216, and *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).[4] On June 3,

---

[3] Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) took effect on January 1, 2019, imposing a number of "statutory changes to more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1, subd. (b).) Senate Bill 1437 added what is now designated as section 1172.6, which allowed a person convicted in a case involving felony murder or murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and to be resentenced.

[4] *Wende* review is only available in a first appeal of right. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503; *Delgadillo*, *supra*, 14 Cal.5th at p. 223.) Because Outley's appeal

2024, this court notified Outley of his right pursuant to *Serrano* and *Delgadillo* to file a supplemental brief on his own behalf within 30 days, and that failure to do so would result in the dismissal of the appeal as abandoned. (*Delgadillo, supra,* 14 Cal.5th at pp. 231–232; *Serrano, supra,* 211 Cal.App.4th at p. 503.) On September 9, 2024, Outley filed a supplemental statement.[5]

## II. DISCUSSION

Outley does not challenge the court's finding that he was ineligible for relief under section 1172.6. Instead, he argues that current changes to sentencing law, namely, consideration of a defendant's youth at the time of the offense and its effect on his or her mental state, should be applied to his conviction. He further requests a reduction in his sentence based on his lack of criminal history prior to the offense, his good conduct and work ethic during his time in prison, and his efforts at rehabilitating himself and making amends for his offense.

An issue is arguable on appeal if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) We conclude that Outley does not raise any arguable issues on appeal.

---

is from an order after judgment seeking to modify his sentence, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid*.) We therefore proceed with this appeal under the standard set forth in *Serrano,* which provides that "[i]n all future criminal appeals arising from proceedings other than the first appeal of right, where appointed counsel finds no arguable issues … counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal and (2) file a brief setting out the applicable facts and the law … Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on our own motion." (*Serrano, supra,* 211 Cal.App.4th at p. 503.)

[5] This court previously granted Outley's request for an extension of time to file a supplemental brief on June 27, 2024.

3

In stating that the court should have considered "current sentencing law" regarding his youth, Outley does not identify what law he refers to or its applicability during the court's review of his section 1172.6 resentencing petition at the prima facie stage. Furthermore, the denial of a section 1172.6 petition at the prima facie stage, on the grounds that a defendant is ineligible for relief as a matter of law, is a purely legal conclusion. (See *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) Accordingly, factors such as a defendant's behavior while incarcerated, lack of criminal history, and rehabilitative efforts are irrelevant in evaluating whether the defendant has made a prima facie case for relief per the standards set forth in section 1172.6.

As Outley raises no arguable issues in his supplemental briefing, we affirm the trial court's order finding that Outley was ineligible for relief under section 1172.6 as a matter of law.

## III. DISPOSITION

The post-conviction order denying Outley's section 1172.6 petition is affirmed.

4

_____
Wilson, J.

WE CONCUR:


_____
Grover, Acting P.J.




_____
Lie, J.




*People v. Outley*
H051173